UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>POSITION GURUS, LLC, a Washington limited liability corporation; TOP SHELF ECOMMERCE, LLC, a Washington limited liability corporation; AARON POYSKY, individually and as an owner of POSITION GURUS, LLC, and TOP SHELF ECOMMERCE, LLC; STACY GRIEGO, individually and as an owner of POSITION GURUS, LLC, and TOP SHELF ECOMMERCE, LLC; and SAMUEL COHEN BROWN, individually and as an owner of POSITION GURUS, LLC, and TOP SHELF ECOMMERCE, LLC,<br><br>            Defendants. | Case No. 2:20-cv-00710-BJR<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS POSITION GURUS, LLC, TOP SHELF ECOMMERCE, LLC, AND AARON POYSKY |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for permanent injunction, and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer

Fraud Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C., §§ 6101–6108, and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b.  The Commission and Defendants Position Gurus, LLC, Top Shelf Ecommerce, LLC, and Aaron Poysky ("collectively, Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendants Position Gurus, LLC, Top Shelf Ecommerce, LLC, and Aaron Poysky ("Order") to resolve all matters in dispute between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.  This Court has jurisdiction over this matter.

2.  The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's trade regulation rule entitled Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the CRFA, 15 U.S.C. § 45b, in the operation of a telemarketing scheme offering consumers products and services that purportedly assist consumers in developing and marketing a home-based Internet business.

3.  Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.  Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.  Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  "**Business Coaching Service**" means any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish, operate, or improve a business.

B.  **"Corporate Defendants"** means Top Shelf Ecommerce, LLC, and Position Gurus, LLC, and their successors and assigns.

C.  "**Covered Communication**" means a written, oral, or Pictorial review, performance assessment, or other similar analysis of goods or services, including conduct related to the goods or services.

D.  "**Customer Information of a Financial Institution**" shall have the same meaning as set out in Section 6827(2) of the Gramm Leach Bliley Act, 15 U.S.C. § 6827.

E.  **"Defendants"** means Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

F.  **"Individual Defendant"** means Aaron Poysky.

G.  "**Person**" means any natural person or any entity, corporation, partnership, or association of persons.

H.  "**Pictorial**" includes pictures, photographs, video, illustrations, and symbols.

I.  "**Review-Limiting Contract Term**" means a standardized contract term that:

 1.  prohibits or restricts the ability of a Person who is a party to the contract to engage in a Covered Communication;

 2.  imposes a penalty or fee against a Person who is a party to the contract for engaging in a Covered Communication; or

 3.  transfers, or requires a Person who is a party to the contract to transfer, to any other Person any intellectual property rights in a Covered Communication, with the exception of a non-exclusive license to lawfully use a Covered Communication about a Defendant's goods, services, or conduct.

J.  "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

## I. BAN ON MARKETING OR SALE OF BUSINESS COACHING SERVICES

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from:

A.  Advertising, marketing, promoting, offering for sale, or selling any Business Coaching Service;

B.  Advertising, marketing, promoting, offering for sale, or selling any product or service to assist in the advertising, marketing, promoting, offering for sale, or selling of a Business

Coaching Service, including, but not limited to, business entity formation, corporate document filing, business plans, market research, business credit development, product sourcing and drop shipping packages, website tools and services (such as website design, building, hosting products or services), Internet research tools and services, and Internet marketing packages and services; and

C.  Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Business Coaching Service.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service, are permanently restrained and enjoined from making, or assisting others in making, directly or by implication, any false or misleading statement about Defendants' identity, purpose, or right to receive Customer Information of a Financial Institution.

## III. PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing of any good or service, are permanently restrained and enjoined from:

A.  Failing to disclose, truthfully, promptly, and in a clear and conspicuous manner:  (1) the identity of the seller; (2) that the purpose of the call is to sell goods and services; and (3) the nature of those goods and services; and

B.  Violating any provision of the TSR.

## IV. PROHIBITIONS AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.  The cost of any product or service;

B.  Any material restriction, limitation, or condition on the product or service; and

C.  Any material aspect of the performance, efficacy, nature, or central characteristics of the product or service.

## V. PROHIBITED USE OF REVIEW-LIMITING CONTRACT TERMS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good or service, must not:

A.  Offer to any prospective customer a contract, or offer to any customer a renewal contract, that includes a Review-Limiting Contract Term;

B.  Require that a customer accept a Review-Limiting Contract Term as a condition of Defendants' fulfillment of its obligations under a customer contract that Defendants entered into before the effective date of this Order; or

C.  Attempt to enforce or assert the validity of any Review-Limiting Contract Term in any customer contract that Defendants entered into before the effective date of this Order.

Nothing in this Paragraph shall require Defendants to publish or host the content provided by any Person, affect any other legal duty of a party to a contract, or affect any cause of action arising from the breach of such duty.

## VI. MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of Sixteen Million Three Hundred Thirty-One Thousand Eleven Dollars ($16,331,011.00) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

B.  Defendants are ordered to pay the Commission as follows:

1.  Defendants shall pay to the Commission Eight Hundred Thousand Dollars ($800,000.00) which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

2.  Defendants hereby relinquish and assign to the Commission all legal and equitable right, title, control, or interest, in following merchant account reserve funds listed below,

effective upon entry of this Order, and the listed merchant account reserve holders shall transfer all merchant account reserve funds held in the name of or for the benefit of any of the Defendants in the following merchant accounts:

 a.  Priority Payment Systems shall transfer all merchant account reserve funds held in the name of or for the benefit of any of the Defendants, including the reserve funds in Account No. 3899000003088588;

 b.  IP PAY, LLC/JetPay shall transfer all merchant account reserve funds held in the name of or for the benefit of any of the Defendants, including the reserve funds in Account No. 454045274001781;

 c.  Group ISO shall transfer all merchant account reserve funds held in the name of or for the benefit of any of the Defendants, including the reserve funds in Account No. 3899000003865142;

 d.  Esquire Bank shall transfer all merchant account reserve funds held in the name of or for the benefit of any of the Defendants, including the reserve funds in Account No. 092610021131176; and

 e.  PayArc shall transfer all merchant account reserve funds held in the name of or for the benefit of any of the Defendants, including the reserve funds in Account No. 926700089137118.

 3. Within twelve (12) months of entry of this Order, Defendants shall transfer One Hundred Thirty-One Thousand Five Hundred Fifty-Seven Dollars ($131,557.00) to the Commission in accordance with instructions provided by a representative of the Commission. Defendants waive and release any rights and claims to these funds.

 4. Defendants understand that the FTC may file a judgment lien with appropriate government offices, as allowed by applicable state or federal law, against the property located at 405 Coffman Lane, Sedro-Woolley, WA  98284 ("The Property"), to secure the payment required by Section VII.B.3.

 5. Defendants represent and acknowledge that the FTC is relying on the material representation that Individual Defendant Aaron Poysky is the sole owner of The Property; that title to The Property is marketable; and that The Property is not encumbered by any other lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest not identified to the FTC in Individual Defendant Aaron Poysky's Financial Statement and attachments provided

to the FTC and executed by Individual Defendant Aaron Poysky on January 31, 2020.
Individual Defendant Aaron Poysky represents that no encumbrance of The Property is in
default.  Individual Defendant Aaron Poysky further agrees that, as of the date on which he signs
this Order and until he has made the full payment required under Section VI.B.3, he shall refrain
from transferring, converting, encumbering, selling, assigning, or otherwise disposing of The
Property except with the express prior written permission of counsel for the FTC.

6.   Individual Defendant Aaron Poysky shall maintain property and liability insurance on
The Property for at least its replacement, value; remain current on all amounts due and payable
on The Property, including, but not limited to, taxes, utilities, reasonable and necessary
maintenance, homeowner's assessments, sewer and/or water use charges and similar fees;
manage and maintain The Property in good working order; and shall take no action to diminish
the value of The Property.

7.   Upon full payment of his payment obligation under SectionVI.B.3, and a subsequent
request by Individual Defendant Aaron Poysky for release of the lien, the FTC agrees to release
the lien within a reasonable time.  Individual Defendant Aaron Poysky shall pay all fees and
costs related to such release, including filing fees. In addition, the FTC shall promptly release
said lien to the extent necessary to facilitate the sale or encumbrance of The Property if the funds
owed to the Commission pursuant to Section VI.B.3 are remitted directly to the FTC from the
proceeds of such sale or encumbrance immediately upon closing of such sale or encumbrance.
Individual Defendant Aaron Poysky shall pay all fees and costs related to such release, including
filing fees.

8.   Individual Defendant Aaron Poysky shall take the following steps to sell all interest in the
2017 Range Rover (VIN# SALWZ2FE6HA148490) ("Vehicle"), identified in the Financial
Statement of Individual Defendant, executed on January 31, 2020:

a.   Individual Defendant Aaron Poysky shall immediately attempt to sell the Vehicle at a
fair market value (based on Kelly Blue Book value);

b.   If Individual Defendant Aaron Poysky has not sold the Vehicle within 120 days of
entry of this Order, he shall sell the Vehicle at a fair market value (based on Kelly Blue
Book) by advertising it for sale through an online auction service and selling it to the highest
bidder, or by placing the Vehicle for sale through an appropriate broker or automobile listing
service;

    c.   Before placing an ad or otherwise listing the Vehicle for sale, and before accepting a bid or offer, Individual Defendant Aaron Poysky shall provide to Commission counsel documentation for the proposed sale price and for any and all bids or offers received;

    d.   Individual Defendant Aaron Poysky shall in no way profit directly or indirectly from the sale of the Vehicle, including by sharing in any sales commission or fee, or by receiving anything of value of any kind;

    e.   Pending sale of the Vehicle, Individual Defendant Aaron Poysky shall (i) maintain the Vehicle in good working order and in the same condition as of January 31, 2020, the date Individual Defendant Poysky signed his sworn financial statement; (ii) take no action to encumber or diminish its value; (iii) maintain existing insurance coverage for the Vehicle; and (iv) remain current on any tax, registration, maintenance costs, loans, and other fees and expenses related to the vehicle; and

    f.   Within three (3) business days of receipt of the net proceeds (remaining funds from the sale minus payment on any outstanding loan balances) from the sale of all interest in the Vehicle, Individual Defendant Aaron Poysky shall cause to be wired to the Commission the net proceeds from the sale in accordance with instructions provided by the Commission, and shall identify the name, address, and telephone number of the purchaser of the Vehicle.

9.   Upon completion of payment of the amounts required by Sections VI.B.1-3 and VI.B.8 above, the remainder of the judgment is suspended, subject to the Subsections below.  The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statement and supporting documents (collectively, "Financial Representations") submitted to the Commission, namely as follows:

    a. the Financial Statements of Position Gurus, LLC, executed on January 31, 2020, and Aaron and Kara Poysky, executed on January 31, 2020 (Aaron Poysky) and February 1, 2020 (Kara Poysky); and

    b. Email submitted on August 28, 2019, September 27, 2019, November 20, 2019, December 4, 2019, December 13, 2019, February 3, 2020, February 11, 2020, and February 28, 2020, with attachments.

10. The suspension of judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially

misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

11. If the suspension of judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above, which the parties stipulate, only for purposes of this Section, represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this section, plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Number or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may

take pursuant to this subsection.

## VIII.  COOPERATION

**IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendants must provide truthful and complete information, evidence, and testimony.  Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.  Defendants may have counsel present at any such appearance.

## IX.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.  Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendants obtained prior to entry of this Order; and

C.  Failing to destroy such customer information in all forms in his possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five (5) years after entry of this Order, Individual Defendant, for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.  One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.  Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless

previously submitted to the Commission.

2. Additionally, Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services, whether as an employee or otherwise, and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC  20580.  The subject line must begin:  *FTC v. Position Gurus, et al.*

## XII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, each Corporate Defendant, and Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  A copy of each unique advertisement or other marketing material.

## XIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendants must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its

representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XIV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.


**SO ORDERED this 19th day of May, 2020.**



_Barbara J. Rothstein_
**BARBARA J. ROTHSTEIN**
**UNITED STATES DISTRICT JUDGE**