UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:20-cv-00710-BJR |
| Plaintiff, | |
| vs. | STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANT STACY GRIEGO |
| POSITION GURUS, LLC, a Washington limited liability corporation; TOP SHELF ECOMMERCE, LLC, a Washington limited liability corporation; AARON POYSKY, individually and as an owner of POSITION GURUS, LLC, and TOP SHELF ECOMMERCE, LLC; STACY GRIEGO, individually and as an owner of POSITION GURUS, LLC, and TOP SHELF ECOMMERCE, LLC; and SAMUEL COHEN BROWN, individually and as an owner of POSITION GURUS, LLC, and TOP SHELF ECOMMERCE, LLC, | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for permanent injunction, and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer

Fraud Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C., §§ 6101–6108, and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b. The Commission and Defendant Stacy Griego stipulates to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendant Stacy Griego ("Order") to resolve all matters in dispute between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's trade regulation rule entitled Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and the CRFA, 15 U.S.C. § 45b, in the operation of a telemarketing scheme offering consumers products and services that purportedly assist consumers in developing and marketing a home-based Internet business.

3. Defendant Stacy Griego neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant Stacy Griego admits the facts necessary to establish jurisdiction.

4. Defendant Stacy Griego waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Defendant Stacy Griego and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Business Coaching Service**" means any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish, operate, or improve a business.

B. "**Covered Communication**" means a written, oral, or Pictorial review, performance assessment, or other similar analysis of goods or services, including conduct related to the goods or services.

C. "**Customer Information of a Financial Institution**" shall have the same meaning as set out in Section 6827(2) of the Gramm Leach Bliley Act, 15 U.S.C. § 6827.

D. "**Defendant**" means Stacy Griego.

E. "**Person**" means any natural person or any entity, corporation, partnership, or association of persons.

F. "**Pictorial**" includes pictures, photographs, video, illustrations, and symbols.

G. "**Review-Limiting Contract Term**" means a standardized contract term that:

    1. prohibits or restricts the ability of a Person who is a party to the contract to engage in a Covered Communication;

    2. imposes a penalty or fee against a Person who is a party to the contract for engaging in a Covered Communication; or

    3. transfers, or requires a Person who is a party to the contract to transfer, to any other Person any intellectual property rights in a Covered Communication, with the exception of a non-exclusive license to lawfully use a Covered Communication about a Defendant's goods, services, or conduct.

H. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

## I. BAN ON MARKETING OR SALE OF BUSINESS COACHING SERVICES

**IT IS ORDERED** that Defendant is permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any Business Coaching Service;

B. Advertising, marketing, promoting, offering for sale, or selling any product or service to assist in the advertising, marketing, promoting, offering for sale, or selling of a Business Coaching Service, including, but not limited to, business entity formation, corporate document filing, business plans, market research, business credit development, product sourcing and drop shipping packages, website tools and services (such as website design, building, hosting products or services), Internet research tools and services, and Internet marketing packages and services; and

C. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any Business Coaching Service.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, and employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service, are permanently restrained and enjoined from making, or assisting others in making, directly or by implication, any false or misleading statement about Defendant's identity, purpose, or right to receive Customer Information of a Financial Institution.

## III. PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing of any good or service, are permanently restrained and enjoined from:

A.  Failing to disclose, truthfully, promptly, and in a clear and conspicuous manner:  (1) the identity of the seller; (2) that the purpose of the call is to sell goods and services; and (3) the nature of those goods and services; and

B.  Violating any provision of the TSR.

## IV. PROHIBITIONS AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.  The cost of any product or service;

B.  Any material restriction, limitation, or condition on the product or service; and

C.  Any material aspect of the performance, efficacy, nature, or central characteristics of the product or service.

## V. PROHIBITED USE OF REVIEW-LIMITING CONTRACT TERMS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, and employees, and all other Persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good or service, must not:

A.  Offer to any prospective customer a contract, or offer to any customer a renewal contract, that includes a Review-Limiting Contract Term;

B.  Require that a customer accept a Review-Limiting Contract Term as a condition of Defendant's fulfillment of its obligations under a customer contract that Defendant entered into before the effective date of this Order; or

C.  Attempt to enforce or assert the validity of any Review-Limiting Contract Term in any customer contract that Defendant entered into before the effective date of this Order.
Nothing in this Paragraph shall require Defendant to publish or host the content provided by any Person, affect any other legal duty of a party to a contract, or affect any cause of action arising from the breach of such duty.

## VI. MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A.  Judgment in the amount of sixteen million three hundred thirty-one thousand eleven dollars ($16,331,011.00) is entered in favor of the Commission against Defendant as equitable monetary relief.

B.  Defendant is ordered to pay to the Commission Two Hundred Thirty-Four Thousand Six Hundred Dollars ($234,600.00) which, as Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.  The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's sworn financial statement and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.  the Financial Statement executed on December 31, 2019; and

2.  information and documents provided to the FTC in emails and accompanying attachments dated August 28, 2019, and November 28, 2019.

D.  The suspension of judgment will be lifted as to Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.  If the suspension of judgment is lifted, the judgment becomes immediately due as to Defendant in the amount specified in Subsection A above, which the parties stipulate, only for purposes of this section, represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this section, plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.  Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Number or Employer Identification Numbers), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any

money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this subsection.

## VIII.  COOPERATION

**IT IS FURTHER ORDERED** that Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant must provide truthful and complete information, evidence, and testimony.  Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.  Defendant may have counsel present at any such appearance.

## IX.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and all others in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.  Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant obtained prior to entry of this Order; and

C.  Failing to destroy such customer information in all forms in his possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A.  Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five (5) years after entry of this Order, Defendant, for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A.  One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1.  Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the

Commission.

2.  Additionally, Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services, whether as an employee or otherwise, and any entity in which Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For ten (10) years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.  Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.  Additionally, Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services, whether as an employee or otherwise, and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within fourteen (14) days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC  20580.  The subject line must begin:  *FTC v. Position Gurus, et al.*

## XII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, for any business that Defendant is a majority owner or controls directly or indirectly, Defendant must create and retain the following records:

    A.  Accounting records showing the revenues from all goods or services sold;

    B.  Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.  Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.  A copy of each unique advertisement or other marketing material.

## XIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.   For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with Defendant who has agreed to such an interview.  The Person interviewed may have counsel present.

    C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any

individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XIV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 19th day of May, 2020.**

_____
**BARBARA J. ROTHSTEIN**
**UNITED STATES DISTRICT JUDGE**